UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| FRANCISCO MARTINEZ, | Case No. 23-CV-3178 (PJS/DLM) |
| Petitioner, | |
| v. | ORDER |
| WARDEN B. EISCHEN, | |
| Respondent. | |

Petitioner Francisco Martinez seeks habeas relief under 28 U.S.C. § 2241, contending that the Bureau of Prisons has erroneously failed to grant him 60 days' worth of First Step Act time credits ("FTCs") that he has earned.  *See* 18 U.S.C. § 3632(d)(4).  This matter is before the Court on Martinez's objection to the October 18, 2023, Report and Recommendation ("R&R") of Magistrate Judge Douglas L. Micko.  Judge Micko recommends dismissing this action without prejudice for lack of subject-matter jurisdiction.  The Court has conducted a de novo review.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Based on that review, the Court agrees with Judge Micko's analysis and adopts the R&R.

Martinez objects to the R&R primarily on the basis that, contrary to the R&R's characterization of his claim, he is not asking that the Court order him to be placed on home confinement.  Instead, he is simply asking that the Court order that he receive the 60 days of FTCs to which he contends that he is entitled.

While the Court appreciates Martinez's clarification, it does not help him. The fact remains that he is not challenging the fact or duration of his confinement and the Court therefore lacks jurisdiction over his habeas petition. *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (concluding that habeas jurisdiction was lacking because "Spencer does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison").

While "challenges to the loss of good-time credits . . . are a regular and unexceptional feature of modern habeas litigation," *Fiorito v. Fikes*, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *5 (D. Minn. Nov. 3, 2022), *aff'd*, No. 23-1006, 2023 WL 4841966 (8th Cir. July 28, 2023), this Court has previously concluded that "two critical differences between FTCs and good-time credits" mean that, unlike the loss of good-time credits, the loss (or denial) of FTCs is not a cognizable habeas claim:

> First, good-time credits entitle a prisoner to a reduction in his sentence, period. FTCs are not quite so straightforward. In contrast to prisoners who earn good-time credits, prisoners who earn FTCs may not be able to *apply* those FTCs. *See* 18 U.S.C. § 3624(g)(1)(D). Instead, application of FTCs is contingent on maintaining a minimal or low risk of recidivism as assessed by the BOP or, alternatively, on receiving an exception to that requirement from the warden of the facility where the prisoner is detained. *Id.* Further, even when a prisoner may apply FTCs, § 3632(d)(4)(C) directs that those FTCs may be applied by the BOP "toward time in prerelease custody *or* supervised release" (emphasis added). Prerelease custody, however, is just another form of BOP custody, *see* 18 U.S.C. § 3624(g)(2), and "[a] legal action

> seeking transfer from one form of BOP custody to another (like a legal action seeking transfer from one BOP facility to another) is not a challenge to the fact or duration of confinement." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022). . . .
>
> Second, unlike good-time credit accumulated under § 3624(b), FTCs are not a general entitlement. Instead, prisoners are merely afforded the *opportunity* to earn FTCs by participating in recidivism-reduction programming. Although FTCs themselves are a recent creation, many courts examining similar time-credit schemes have held that the loss of a mere opportunity to accumulate credit towards a sentence is not sufficient to create a protected liberty interest.

*Id.* at *5–6. Accordingly, because Martinez is not challenging the fact or duration of his confinement, the Court lacks jurisdiction over his habeas petition.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT:

1. The Court ADOPTS the Report and Recommendation [ECF No. 3].

2. Petitioner's objection [ECF No. 7] is OVERRULED.

3. This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 8, 2023                s/Patrick J. Schiltz
                                       Patrick J. Schiltz, Chief Judge
                                       United States District Court